# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON D. WILLIAMS, D.O., ) <br> 813 Bridgewater Lane ) <br> Evans, Georgia 30809, ) <br>             *Petitioner*, ) <br> ) <br> vs.          ) <br> ) <br> UNITED STATES OF AMERICA; ) <br> ) <br> ERIC H. HOLDER, JR., Attorney General of ) <br> the United States ) <br> U.S. Department of Justice ) <br> 950 Pennsylvania Avenue, NW ) <br> Washington, DC 20530, ) <br> ) <br>             *Respondents*. ) <br> ) | Case. No. _____ |

### PETITION OF AARON D. WILLIAMS, D.O. FOR JUDICIAL FINDING AND CERTIFICATION OF SCOPE OF OFFICE OR EMPLOYMENT

COMES NOW the Petitioner, Aaron D. Williams, D.O., by and through counsel, Kenneth Armstrong, Esquire, M. Kathleen Fallon, Esquire, and the law firm of ARMSTRONG, DONOHUE, CEPPOS, VAUGHAN & RHOADES, CHARTERED, and pursuant to 28 U.S.C. §§ 1346(b)(1) and 2679(d)(3) hereby respectfully petitions this Honorable Court to find and certify that, in all instances relevant to the Complaint of Jennifer Bradley pending before the Superior Court of the District Columbia, Case No. 2014 CA 004932 B, the Petitioner was an employee of the Government of the United States of America acting

within the scope of said employment. As grounds therefor, the Petitioner respectfully states as follows:

## FACTS AND PROCEDURAL HISTORY

1. On August 8, 2014, Jennifer Bradley ("Plaintiff") filed a Complaint in the Superior Court of the District of Columbia against the National Collegiate Athletic Association, The Patriot League, and The American University, case number 2014 CA 004932 B, alleging various causes of action sounding in ordinary negligence, fraud and breach of contract. On October 16, 2014, the Plaintiff filed another Complaint in the Superior Court, case number 2014 CA 006549, naming as additional defendants Maryland Sports Medicine Center, David L. Higgins, M.D., David L. Higgins, M.D. P.C., and Aaron Williams, D.O., and alleging an additional cause of action against all defendants for medical malpractice ("Plaintiff's Complaint" or "Complaint"). *See* Ex. A.

2. Because of the District of Columbia procedural requirements for medical malpractice claims, the Plaintiff filed a total of four identical Complaints against defendants National Collegiate Athletic Association, The Patriot League, The American University, Maryland Sports Medicine Center, David L. Higgins, M.D., David L. Higgins, M.D. P.C., and Aaron Williams, D.O. (case numbers 2014 CA 006549 M, 2014 CA 006588 M, 2014 CA 006622 M, and 2014 CA 006782 M). On December 15, the Superior Court (Dixon, Jr., J.) entered an order consolidating all cases into the original action, case number 2014CA 006782 M. *See* Ex. B.

3. Petitioner Aaron D. Williams ("Petitioner") is a Commissioned Officer in the United States Army, currently holding the rank of Major (O-4). The Petitioner entered service as a Commissioned Officer in the United States Army in 2005 and has served uninterruptedly from 2005 to the present. *See* Ex. C. Since being commissioned in the United States Army, the Petitioner has been employed exclusively by the Department of Defense of the Government of the United States. *See id.*

4. The Petitioner is a Doctor of Osteopathic Medicine (D.O.). He has been continuously licensed as an Osteopathic Physician and Surgeon by the Commonwealth of Pennsylvania State Board of Osteopathic Medicine since February of 2007. *See id.* The Petitioner obtained Board Certification in Family Medicine in December of 2009 and a Certificate of Additional Qualifications in Sports Medicine in July of 2012, both of which he continues to hold to the present. *See id.*

5. Defendant David L. Higgins, M.D. ("Dr. Higgins") is a licensed physician and board-certified in orthopedic surgery. Dr. Higgins is employed by Defendant David L. Higgins, M.D. P.C. ("the Practice"). Pursuant to a contract with Defendant American University, Dr. Higgins provides medical coverage for certain collegiate athletic events at American University and conducts on-campus clinics for American University athletes. *See* Ex. D.

6. Between July 2011 and July 2012, the Petitioner was a Fellow of the National Capital Consortium-Dewitt Army Community Hospital Primary Care Sports Medicine Fellowship under the auspices and direction of the Department of Family

Medicine at the Uniformed Services University of the Health Sciences. *See* Ex. C. As part of that Fellowship, and pursuant to a contract between the National Capital Consortium and the Practice, the Petitioner was assigned to Dr. Higgins' practice for approximate 1 ½ days per week. *See id.* This assignment included providing physician coverage for home athletic events and medical clinics at the American University campus. *See id.* Neither the Petitioner nor Dr. Higgins played any role in the selection of the Petitioner as a fellow or his assignment to Dr. Higgins; both of these functions were exercised solely by the Uniformed Services University of the Health Sciences in its discretion. *See id.* The Petitioner's placement with Dr. Higgins represented approximately 20 % of his duties as a National Capital Consortium fellow. *See id.* Most importantly, the Petitioner was never employed by David M. Higgins, M.D, David M. Higgins, M.D. P.C., or American University. *See id.*

7. At all times relevant to the Complaint, the Plaintiff was a college student enrolled at American University. *See* Ex. A. The Plaintiff was a member of the American University women's field hockey team, which competes in league tournaments organized by the National Collegiate Athletic Association and The Patriot League. *See id.*

8. The Plaintiff's claims against the Petitioner stem from the Petitioner's care and treatment of the Plaintiff on four office visits at an American University clinic between October 2011 and March 2012 during the Petitioner's fellowship. *See id.* The

4

Plaintiffs' claims against the Petitioner sound only in negligence and allege medical malpractice and negligent infliction of emotional distress. *See id.*

9. Specifically, the Complaint alleges that the Plaintiff suffered a concussion as a result of a collision with an opposing player at an away game. The Complaint alleges that the Petitioner negligently failed to protect the Plaintiff's physical and mental well-being and further failed to adhere to the applicable standards of care in recognizing, diagnosing, treating, and monitoring the Plaintiff's concussion and post-concussive symptoms. *See id.* The Petitioner denies all allegations of negligence, causation and damages.

10. The Plaintiff's Complaint names the Petitioner a defendant in his individual capacity as a private person. *See id.*

11. The Plaintiff's claims against the Petitioner do not allege a violation of the Constitution of the United States or violation of a United States statute that authorizes a civil action against the Petitioner individually within the meaning of 28 U.S.C. § 2679(b)(2).

12. The Plaintiff's claims against the Petitioner are not otherwise exempted from the provisions of the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. § 2680.

13. The National Capital Consortium is an agency of the Department of Defense and is an instrumentality of the United States Government. *See* Ex. E. The Memorandum of Understanding between the National Capital Consortium and the Practice establishing Dr. Higgins' practice as a Participating Site in the National

Capital Consortium-Dewitt Army Community Hospital Primary Care Sports Medicine Fellowship specifies that "trainees who will be trained [through the Fellowship] must be either physicians on active duty in the United States military [...] or civilian physicians who are full-time employees of the United States Government." *See id.* The Memorandum of Understanding further specifies that

> While assigned to the Practice and while performing services pursuant to this agreement, <u>Consortium trainees remain employees of the United States performing duties within the course and scope of their federal employment</u>. Consequently, secondary liability coverage is provided under the provisions of the Federal Tort Claims Act (Title 28 U.S.C. 1346(b), 2671-2680), including its defense and immunities, and will apply to allegations of negligence of wrongful acts or omissions by trainees while acting within the scope of their duties pursuant to this memorandum of understanding.

*Id.* (emphasis added).

## REFUSAL OF CERTIFICATION

14. On November 19, 2014, the Petitioner was served with process on the Plaintiff's civil action now pending in the Superior Court of the District of Columbia. *See* Ex. H. Upon service, the Petitioner promptly delivered the process served on him to the U.S. Army Legal Services Agency in compliance with the provisions of defense of claims provisions of the FTCA, 28 U.S.C. § 2679(c). After numerous discussions with undersigned counsel, which included being provided with a draft of the instant Petition, the U.S. Army Legal Services Agency indicated that it was the position of the United States Government that the Petitioner was not acting within the scope of his office or employment in all instances relevant to the Plaintiff's Complaint and therefore

6

that the Government would not certify that the Petitioner was acting within the scope of his office or employment at the time of the incident out of which the Plaintiff's claims arose pursuant to certification and removal provisions of the FTCA 28 U.S.C. § 2679(d)(2).

15. The Petitioner avers that the Government's position in refusing to certify that the Petitioner was acting within the scope of his office or employment is contrary to all available evidence, including his exclusive and uninterrupted service in the U.S. Army as an employee of the Department of Defense since 2005 and continuing to the present and the plain language of the Memorandum of Understanding between the National Capital Consortium and the Practice.

## PETITION FOR JUDICIAL FINDING AND CERTIFICATION

16. The FTCA provides a mechanism for judicial review of the Government's refusal to certify a federal employee's scope of office or employment in the context of a civil action against the individual employee. Specifically, the FTCA provides, in pertinent part, that

> In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(3)

17. Pursuant to 28 U.S.C. § 2679(d)(3), the Petitioner respectfully requests that this Court find and certify that the Petitioner is an employee of the Government of the United States and further that the Petitioner was an employee of the Government of the United States acting within the scope of his office or employment at the time of the incident out of which the Plaintiff's claims arose.

18. In further factual support of his Petition, the Petitioner respectfully submits his sworn Affidavit, attached to this Petition as Exhibit C.

## JURISDICTION

19. This Court has jurisdiction to adjudicate the instant petition pursuant to 28 U.S.C. §§ 1346(b), 2679(d)(2), and 2679(d)(3).

## NOTICE AND SERVICE

20. Pursuant to 28 U.S.C. § 2679(d)(3), a copy of the instant Petition has been served on the United States in accordance with the provisions of Rule 4(i) of the Federal Rules of Civil Procedure.

WHEREFORE, for the above stated reasons, the Petitioner, Aaron D. Williams, D.O., respectfully requests and petitions this Honorable Court to find and certify that the Petitioner was an employee of the Government of the United States acting within the scope of his office or employment at the time of the incident out of which the Plaintiff's claims arose.

Respectfully submitted,

ARMSTRONG, DONOHUE, CEPPOS,
VAUGHAN & RHOADES, CHARTERED

*M. Kathleen Fallon*
Kenneth Armstrong, Esquire #320507
hka@adclawfirm.com
M. Kathleen Fallon, Esquire #391421
mkf@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, MD  20850
301-251-0440 (tel.)
301-279-5929 (fax)
*Attorneys for Petitioner Aaron D. Williams, D.O.*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2015, the foregoing Petition for Judicial Finding and Certification of Scope of Office or Employment and Proposed Order and Certification was served upon the United States by sending copies of the same by certified mail to:

RONALD C. MACHEN, JR.
c/o Civil Process Clerk
United States Attorney for the District of Columbia
555 4th Street, NW
Washington, DC 20530

ERIC H. HOLDER, JR.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

LTC JULIE LONG
Chief, Tort Branch- Litigation Division
U.S. Army Legal Services Agency
9275 Gunston Road, 3d Floor
Fort Belvoir, VA 22060

_M. Kathleen Fallon_
M. Kathleen Fallon

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE PETITION OF<br>AARON D. WILLIAMS, D.O. | )<br>)<br>)   Case. No. _____<br>)<br>) |

## ORDER AND CERTIFICATION

UPON CONSIDERATION of the Petition of Aaron D. Williams, together with all the Exhibits thereto, any Response thereto, and based on this Court's finding that the Petitioner, Aaron D. Williams, was an employee of the Government of the United States acting within the scope of his office or employment at the time of the incident out of which the claims made against the Petitioner by the Plaintiff, Jennifer Bradley, arose, it is this _____ day of _____, 20___ , by the United States District Court for the District of Columbia,

**ORDERED:**

    1. That the Petition of Aaron D. Williams, D.O. for Judicial Finding and Certification of Scope of Office or Employment is hereby **GRANTED**; and further

**CERTIFIED:**

    2. That, as to the claims against the Petitioner, Aaron D. Williams, D.O., made by the Plaintiff, Jennifer Bradley, in the civil action currently pending in the Superior Court of the District of Columbia,

2

case number 2014 CA 004932 B, Petitioner was an employee of the Government of the United States acting within the scope of his office or employment at the time of the incident out of which the Plaintiff's claims arose.

---

**UNITED STATES DISTRICT JUDGE**